# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Civil Action No. _____ |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| COOPER TIRE & RUBBER COMPANY, | : **SECURITIES EXCHANGE ACT OF** |
| JOHN J. HOLLAND, BRADLEY E. | : **1934** |
| HUGHES, STEVEN M. CHAPMAN, SUSAN | : |
| F. DAVIS, KATHRYN P. DICKSON, | : **JURY TRIAL DEMANDED** |
| TYRONE M. JORDAN, TRACEY I. | : |
| JOUBERT, GARY S. MICHEL, BRIAN C. | : |
| WALKER, and ROBERT D. WELDING, | : |
| | : |
| Defendants. | : |

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Cooper Tire & Rubber Company ("Cooper Tire" or the "Company") and the members of Cooper Tire's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Cooper Tire and The Goodyear Tire & Rubber Company and its affiliates ("Goodyear").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on March 19, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to the Company's stockholders. The Registration Statement recommends that the Company's stockholders vote in favor of a proposed transaction whereby Vulcan Merger Sub, Inc., a wholly-owned subsidiary of Goodyear, will merge with and into Cooper Tire with Cooper Tire surviving as a direct, wholly-owned subsidiary of Goodyear (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Cooper Tire stockholder will receive $41.75 per share in cash and 0.907 of a share of Goodyear common stock (the "Merger Consideration").

3.  As discussed below, Defendants have asked Cooper Tire's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"), in support of its fairness opinion.

4.  It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Cooper Tire's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Cooper Tire is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Cooper Tire stock and has held such stocks since prior to the wrongs complained of herein.

10. Individual Defendant John J. Holland has served as a member of the Board since 2003 and as the Non-Executive Chairman of the Board since May 2020.

11. Individual Defendant Bradley E. Hughes has served as a member of the Board since September 2016 and is the Company's President and Chief Executive Officer.

12. Individual Defendant Steven M. Chapman has served as a member of the Board since 2006.

13. Individual Defendant Susan F. Davis has served as a member of the Board since 2016.

14. Individual Defendant Kathryn P. Dickson has served as a member of the Board since 2018.

15. Individual Defendant Tyrone M. Jordan has served as a member of the Board since 2021.

16. Individual Defendant Tracey I. Joubert has served as a member of the Board since 2017.

17. Individual Defendant Gary S. Michel has served as a member of the Board since 2015.

18. Individual Defendant Brian C. Walker has served as a member of the Board since 2018.

19. Individual Defendant Robert D. Welding has served as a member of the Board since 2007.

20. Defendant Cooper Tire a Delaware corporation and maintains its principal offices at 701 Lima Avenue, Findlay, Ohio 45840. The Company's stock trades on the New York Stock Exchange under the symbol "CTB."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

22. The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.** **The Proposed Transaction**

23. Cooper Tire, together with its subsidiaries, designs, manufactures, markets, and sells replacement tires in North America, Latin America, Europe, and Asia. The Company operates through Americas Tire Operations and International Tire Operations segments. It offers passenger car, light truck, truck and bus radial (TBR), motorcycle, and racing tires, as well as tire retread materials; and markets and distributes racing, TBR, and motorcycle tires. The Company

sells its products to independent tire dealers, wholesale distributors, regional and national retail tire chains, large retail chains, and other tire and automotive product retail chains, mass merchandisers, and digital channels as well as original equipment manufacturers; and directly to end users through three owned retail stores. Cooper Tire was founded in 1914 and is headquartered in Findlay, Ohio.

24. On February 22, 2021, the Company and Goodyear jointly announced the Proposed Transaction:

> AKRON, Ohio and FINDLAY, Ohio, Feb. 22, 2021 /PRNewswire/ -- The Goodyear Tire & Rubber Company (Nasdaq: GT) and Cooper Tire & Rubber Company (NYSE: CTB) today announced that they have entered a definitive transaction agreement under which Goodyear will acquire Cooper in a transaction with a total enterprise value of approximately $2.5 billion. The transaction will expand Goodyear's product offering by combining two portfolios of complementary brands. It will also create a stronger U.S.-based manufacturer with increased presence in distribution and retail channels while combining both companies' strengths in the highly profitable light truck and SUV product segments. The combined company will have approximately $17.5 billion in pro forma 2019 sales.
>
> Under the terms of the transaction, which has been approved by the Boards of Directors of both companies, Cooper shareholders will receive $41.75 per share in cash and a fixed exchange ratio of 0.907 shares of Goodyear common stock per Cooper share for a total equity value of approximately $2.8 billion. Based on Goodyear's closing stock price on February 19, 2021, the last trading day prior to the announcement, the implied cash and stock consideration to be received by Cooper shareholders is $54.36 per share, representing a premium of 24% to Cooper's closing stock price on February 19, 2021, and a premium of 36% to Cooper's 30-day volume weighted average price as of the close on February 19, 2021. Upon closing of the transaction, Goodyear shareholders will own approximately 84% of the combined company, and Cooper shareholders will own approximately 16%.
>
> Founded in 1914, Cooper is the 5th-largest tire manufacturer in North America by revenue with approximately 10,000 employees working in 15 countries worldwide. Cooper products are manufactured in 10 facilities around the globe, including wholly-owned and joint venture plants. The company's portfolio of brands includes Cooper, Mastercraft, Roadmaster and Mickey Thompson.

"This is an exciting and transformational day for our companies," said Richard J. Kramer, Goodyear chairman, chief executive officer and president. "The addition of Cooper's complementary tire product portfolio and highly capable manufacturing assets, coupled with Goodyear's technology and industry leading distribution, provides the combined company with opportunities for improved cost efficiency and a broader offering for both companies' retailer networks. We are confident this combination will enable us to provide enhanced service for our customers and consumers while delivering value for shareholders."

Kramer added, "We have a great deal of respect for Cooper's team and share a commitment to integrity, quality, agility and teamwork. We look forward to welcoming Cooper to the Goodyear family."

Brad Hughes, Cooper president & chief executive officer, added, "Cooper has transformed into a dynamic, consumer-driven organization that has balanced traditional and emerging channels to increase demand for our products, while updating and effectively leveraging our global manufacturing footprint. I am extremely proud of what our team has accomplished over the past 107 years and am grateful to our talented employees for their contributions and commitment. This transaction marks the start of a new chapter for Cooper, which we are entering from a position of strength. We believe that it represents an attractive opportunity to maximize value for our shareholders, who will receive a meaningful premium as well as the opportunity to participate in the upside of the combined company. We look forward to the opportunity to combine Cooper's considerable talents with Goodyear's, and to be part of a bigger, stronger organization that will be competitively well-positioned to win in the global tire industry."

**Compelling Strategic and Financial Benefits**

- **Strengthens Leadership Position in Global Tire Industry.** The transaction further strengthens Goodyear's leading position in the U.S., while significantly growing its position in other North American markets. In China, the combination nearly doubles Goodyear's presence and increases the number of relationships with local automakers, while creating broader distribution for Cooper replacement tires through Goodyear's network of 2,500 branded retail stores.
- **Combines Two Complementary Brand Portfolios with a Comprehensive Offering Across the Value Spectrum.** The combined company will have the opportunity to leverage the strength of Goodyear original equipment and premium replacement tires, along with the mid-tier power of the Cooper brand, which has particular strength in the light truck and SUV segments. Together, these brands have the opportunity to deliver a more complete offering to aligned distributors and retailers.
- **Provides Significant, Immediate and Long-Term Financial Benefits.**
    - **Synergies and Tax Benefits.** Goodyear expects to achieve approximately $165 million in run-rate cost synergies within two years following the close of the transaction. The majority of the cost synergies will be related to

> overlapping corporate functions and realizing operating efficiencies. In addition, the combination is expected to generate net present value of $450 million or more by utilizing Goodyear's available U.S. tax attributes. These tax attributes will reduce the company's cash tax payments, positioning it to generate additional free cash flow. The expected cost synergies from this transaction do not include manufacturing-related savings.
>   - **Earnings and Balance Sheet.** The transaction is immediately accretive to earnings per share, modestly improves Goodyear's balance sheet position and enhances the company's ability to de-lever.
>
> - **Opportunity to Create Additional Value from Manufacturing and Distribution.** Opportunities for expansion of select Cooper facilities will increase capital efficiency and flexibility. Additional revenue growth opportunities will result from the addition of the Cooper brand to Goodyear's global distribution network.
>
> - **Increases Scale to Support Investments in New Mobility and Fleet Solutions.** As an industry leader in the U.S., the combined company will offer tire products and a broad selection of services through Goodyear's relationships with traditional and emerging original equipment manufacturers; autonomous driving system developers; new and established fleet operators; and other mobility platforms.
>
> **Timing, Approvals and Financing**
> The transaction is subject to the satisfaction of customary closing conditions, including receipt of required regulatory approvals and the approval of Cooper shareholders. The transaction is expected to close in the second half of 2021.
>
> Goodyear intends to fund the cash portion of the transaction through debt financing and has secured a committed bridge financing facility led by JPMorgan Chase Bank, N.A.
>
> **Focused on a Successful Integration**
> With complementary business models, organizational structures and distribution channels, Goodyear and Cooper expect to execute a successful integration that captures the full benefits of the combination. The companies will prepare for integration focused on continuity of manufacturing, operations and customer service.
>
> After closing, the combined company will be headquartered in Akron, Ohio, but Goodyear expects to maintain a presence in Findlay, Ohio.
>
> **Advisors**
> Lazard is serving as lead financial advisor, J.P. Morgan Securities LLC is serving as financial advisor and Paul, Weiss, Rifkind, Wharton & Garrison LLP and Covington and Burling LLP are serving as legal advisors to Goodyear. Goldman

Sachs & Co. LLC is serving as the exclusive financial advisor and Jones Day is serving as legal advisor to Cooper.

* * *

25.   The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that Cooper Tire's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B.   **The Materially Incomplete and Misleading Registration Statement**

26.   On March 19, 2021, Cooper Tire and Goodyear jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

27.   The Registration Statement fails to provide material information concerning financial projections by management and relied upon by Goldman Sachs in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.  The Registration Statement indicates that in connection with the rendering of its fairness opinion, the management prepared certain non-public financial forecasts

8

(the "Company Projections") and provided them to the Board and Goldman Sachs with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that managements provided to the Board and their financial advisors.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

28. First, the Registration Statement fails to disclose prospective financial information for Goodyear.  This information is material as Cooper Tire's shareholders will own 16 percent of the pro forma company after the consummation of the Proposed Transaction.

29. For the Company Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2021 through 2025: EBITDA and Unlevered Free Cash Flows but fails to provide line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

30. When a company discloses non-GAAP financial measures in a registration statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or

released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

31. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

32. Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metrics included in the Registration Statement not misleading.

33. The Registration Statement fails to disclose net income projections for both the Company, Goodyear, and the pro forma company.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

34. With respect to Goldman Sachs' *Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Goldman Sachs in the analysis.

35. With respect to Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis*, the Registration Statement fails to disclose: (i) Goldman Sachs' basis for applying the illustrative NTM enterprise value to EBITDA multipoles of 3.50x to 5.00x; (ii) assumed amount

of net cash; (iii) assumed minority interest as of the relevant year-end; (iv) the projected year-end fully diluted shares of Cooper Tire common stock outstanding; and (v) the inputs underlying the discount rate of 10.0%.

36. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) range of illustrative terminal values for Cooper Tire as calculated by Goldman Sachs; (ii) the inputs and assumptions underlying the use of the multiples ranging from 4.00x to 5.50x; (iii) the inputs and assumptions underlying the use of perpetuity growth rates of (0.4)% to 2.9% (iv) the inputs and assumptions underlying the discount rates ranging from 9.25% to 10.25%; (v) the estimated net cash of the Company as of December 31, 2020; (vi) the minority interest as of December 31, 2020; and (vii) the number of fully diluted outstanding of Cooper Tire common stock.

37. With respect to Goldman Sachs' *Premia Analysis*, the Registration Statement fails to disclose: (i) the transactions observed by Goldman Sachs in the analysis; and (ii) the premia for those transactions observed.

38. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

42. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

43.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

44.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Cooper Tire within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Cooper Tire, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Cooper Tire, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Cooper Tire, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

49. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by

their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

|  |  |
|---|---|
| Dated: March 19, 2021 | **RIGRODSKY LAW, P.A.** |
|  | By: */s/ Gina M. Serra* |
|  | Seth D. Rigrodsky (#3147) |
|  | Gina M. Serra (#5387) |
|  | Herbert W. Mondros (#3308) |
|  | 300 Delaware Avenue, Suite 210 |
| **OF COUNSEL:** | Wilmington, DE 19801 |
|  | Telephone: (302) 295-5310 |
| **MELWANI & CHAN LLP** | Facsimile: (302) 654-7530 |
| Gloria Kui Melwani | Email: sdr@rl-legal.com |
| 1180 Avenue of the Americas, 8th Fl. | Email: gms@rl-legal.com |
| New York, NY 10036 | Email: hwm@rl-legal.com |
| Telephone: (212) 382-4620 |  |
| Email: gloria@melwanichan.com | *Attorneys for Plaintiff* |